IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1402-09






WILLIAM RAY PHILLIPS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S MOTION FOR STAY OF MANDATE


TO FILE PETITION FOR WRIT OF CERTIORARI


MCLENNAN COUNTY





 Alcala, J., filed a dissenting statement, in which Johnson, Price, and
Cochran, JJ., joined.


DISSENTING STATEMENT

 Because the State has failed to meet the requirements of Texas Rules of Appellate
Procedure 18.2, I dissent from the order granting a stay of the mandate. See Tex. R. App. P.
18.2. Rule 18.2 states,

A party may move to stay issuance of the mandate pending the United States
Supreme Court's disposition of a petition for writ of certiorari. The motion
must state the grounds for the petition and the circumstances requiring the stay. 
The appellate court authorized to issue the mandate may grant a stay if it finds
that the grounds are substantial and that the petitioner or others would incur
serious hardship from the mandate's issuance if the United States Supreme
Court were later to reverse the judgment. In a criminal case, the stay will last
for no more than 90 days, to permit the timely filing of a petition for writ of
certiorari. After that period and others mentioned in this rule expire, the
mandate will issue.


Id.

 The State's motion fails to show how the State would incur serious hardship if the
mandate was issued in this case. The State suggests that applicant would have "incentive to
flee in the event of an adverse decision by the Supreme Court." But this argument is logically
flawed in that it is highly unlikely that the Supreme Court will issue its decision, favorable
or not, in the 90 days that applicant can be held under Rule 18.2, particularly in light of the
fact that the State has not yet filed a petition for writ of certiorari in the Supreme Court. 
Furthermore, if the risk of flight is truly the concern that motivates the continued
incarceration or conditional release of appellant, then no bond should be given to the
appellant. 

 In this case, our Court has determined that the law prohibits appellant's continued
incarceration for crimes for which the statute of limitations has run. See Tex. Code Crim.
Proc. art. 12.01. Under our Court's judgment, he is legally absolved of these convictions. 
The mandate executing our judgment should have run by now, which means appellant is
entitled to be released from prison for these convictions that have been reversed by us, our
State's highest court for criminal appeals. See Tex. R. App. P. 65.2. For our Court to now
issue an order that requires his continued incarceration unless he posts a $60,000 bond, a
bond that a person currently incarcerated in the Texas penitentiary is highly unlikely to be
able to make, is effectively to order confinement for someone we have determined is legally
absolved of any crime. Moreover, nothing in Rule 18.2 authorizes a defendant's conditional
release on bail: The rule merely authorizes delay in issuance of the mandate. 

 In my view, there are only two options in this case: order his unconditional release
because he is legally acquitted or order his continued incarceration without bond because he
is purportedly a flight risk according to the State. For us to set a bond that he perhaps could
make but likely cannot make is an option that does not fit the legal and factual concerns in
this case. 

 I also dissent because our Court has failed to specify that the mandate will issue 90
days from the date that the mandate should have issued. Rule 18.2 has time restrictions that
specifically limit the delay of the mandate for only 90 days. For these reasons, I dissent from
the order requiring applicant to post bail for his release.

Filed: SEPTEMBER 21, 2011

Do Not Publish